the taxes declared illegal, and restraining the collection thereof, on the ground that the property was exempt. The court, at special term, rendered judgment for the plaintiff granting the relief prayed for, and the defendants appeal.

Argued before SEDGWICK, C. J., and FREEDMAN and McADAM, JJ.

*W. H. Clark* and *G. S. Coleman*, for appellants. *B. Metzgar*, for respondent.

McADAM, J. The facts are not in dispute, and the single question of law involved is whether the premises, during the period mentioned, were exclusively used for purposes of public worship, within the meaning of the statutes exempting such property from taxation. Consolidation Act 1882,[1] § 827. It is urged by the appellants that the premises were not used exclusively for public worship, because, as they assert, part of the top floor was occupied by the janitor of the church for residential purposes. The objection is technical, and without merit. The janitor paid nothing for the use of the rooms, was not a tenant, had no proprietary interest or estate in any part of the premises, was removable at will, and was there simply because his presence, by night as well as day, was required as a caretaker of the property. He was also required to heat, open, light, and close the premises. He had no possession distinct from that of the plaintiff, which, being a corporation, could care for its property and perform its mission only through the necessary agents and servants required to accomplish the praiseworthy end in view. The position of janitor was incidental to the purpose of the corporation, but his presence on or absence from the premises in no manner affected the right to impose taxes on the plaintiff's property, if otherwise exempt from the taxing power. The property was not used for pecuniary gain, as in *Congregation, etc.*, v. *Mayor, etc.*, (Sup.) 5 N. Y. Supp. 608; nor was the principal use applied to other than religious purposes, as in *Y. M. C. A.* v. *Mayor, etc.*, 113 N. Y. 187, 21 N. E. Rep. 86; nor is the right of the plaintiff to exemption open to the want of incorporation, which was the ground of objection sustained in *Church of St. Monica* v. *Same*, 119 N. Y. 91, 23 N. E. Rep. 294; so that the cases relied on by the defendant do not reach the vital point at issue here. The object of the statute was to foster incorporated religious societies, and it must be reasonably construed, according to its spirit, in furtherance of the legislative intent. It cannot be frustrated by a technicality so finely drawn as that urged against the plaintiff's right to exemption. Effect must be given to the principal thing the legislature had in view,—the policy that dictated the act. These should not be subordinated to mere incidents required to give it efficacy and life. The former control; the latter follow.

The judgment was right, and must be affirmed, with costs. All concur.

---

ROWLAND v. MILLER *et al.*

*(Superior Court of New York City, General Term. May 2, 1892.)*

COVENANTS—USE OF PREMISES—OFFENSIVE BUSINESS.

> The use of premises as an undertaker's establishment for the sale of caskets and furnishing goods for funerals, also for embalming bodies, for autopsies and *post mortem* examinations, and for the temporary deposit of human remains awaiting burial, is "offensive" and "injurious," within the meaning of a covenant that such premises shall not be used for any trade or business "injurious or offensive to the neighboring inhabitants." 15 N. Y. Supp. 701, affirmed, without opinion.

Appeal from special term.

Action by Mary Eliza Rowland against Charles Miller and another. From a judgment for plaintiff, defendant Miller appeals. Affirmed.

[1] Laws 1882, c. 410.

For decision in action of ejectment between the same parties, see **18 N. Y.** **Supp. 205.**

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*George Zabriski,* for appellant.    *John L. Hill,* for respondent.

PER CURIAM.    Judgment affirmed, with costs, on opinion delivered at special term.    15 N. Y. Supp. 701.

---

### MULLER *v.* THE ORDEN GERMANIA.

*(Superior Court of New York City, General Term.    May 2, 1892.)*

LIFE INSURANCE—PROOFS OF DEATH—PHYSICIAN'S CERTIFICATE.

> Where a member of a benefit society died about 15 months after admission to membership, and the physician's certificate, presented as part of the proofs of death, as required by the contract, stated that the cause of death was cancer, and the duration of the disease 2 years, the latter statement is not even *prima facie* evidence for the purpose of showing misrepresentations in obtaining the insurance, since the consolidation act, (Laws 1882, c. 410,) § 604, merely requires physicians to certify as to the cause of death.

Appeal from jury term.

Action by Louise Muller against the Orden Germania on a certificate of membership issued to her sister.    From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

*Lewis Sanders* and *M. Auerbach,* for appellant.    *Charles & Alfred Steckler,* for respondent.

McADAM, J.    The defendant is a benevolent corporation, and the plaintiff the beneficiary named in a certificate of membership therein, issued to her sister, by the terms of which the sum of $1,000, on her death, became payable to the plaintiff.    The decedent was admitted to membership December 26, 1888, and died March 24, 1890.    In her application for membership she represented herself to be in good health, and not suffering from cancer.    It is claimed that there was a breach of the warranty, because it appeared by the certificate of death furnished by Dr. Lewis, her attending physician, on March 24, 1890, that the "chief cause of death was cancer of the uterus, and the duration of disease two years," which would indicate that the decedent had been troubled with that disease for about nine months prior to her admission as a member of the order.    The certificate was offered in evidence by the defendant, and the question presented is whether such certificate, unimpeached and uncontradicted, conclusively establishes the breach of warranty pleaded by the defendant.    Dr. Lewis, the physician who gave the certificate, never attended the decedent till October 18, 1889, five months preceding her death, so that the statement in the certificate that the duration of the disease was two years was not founded on actual knowledge of the fact, and must be taken rather as an expression of opinion, and, as such, in no sense conclusive evidence of the fact stated.    True, the plaintiff was required, as a condition precedent to the enforcement of her claim, to present a certificate of death issued by the board of health.    The purpose of this certificate was to establish the death of the member, proof in this form being alone acceptable.    There is nothing, however, in this requirement making the mere opinion of the attending physician conclusive evidence as to the duration of the disease he was professionally called upon to heal.    The preliminary proofs presented to an insurance company in compliance with the conditions of the policy of insurance are admissible as *prima facie* (not conclusive) evidence of the facts stated therein against the insured and in behalf of the company.    *Insurance Co.* v. *Newton,* 22 Wall. 32.    The court of appeals, in commenting upon this case, said: "It may be inferred that the whole [proofs] were veri-